UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FRANK PARTER,**

        **Plaintiff,**                  **CIVIL ACTION NO. 06-CV-10561**

   vs.

                                  **DISTRICT JUDGE PAUL V. GADOLA**

**ANTHONY VALONE,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  This Court recommends that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) filed on April 21, 2006 (docket no. 8) be GRANTED, and that this action be dismissed.

**II.**    **REPORT:**

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b).  Plaintiff has responded to the Motion to Dismiss.  The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*    *Factual Background*

These facts are taken from Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a Michigan inmate who was confined in the Saginaw Correctional Facility (SCF) when the events giving rise to his claims occurred in 2004.  Plaintiff names as Defendants two SCF employees, Anthony Valone, the law librarian, and Tasha Green, a corrections officer.  Plaintiff claims that he is confined to a wheelchair due to medical problems.  He alleges that a diuretic he takes makes him urinate frequently. He says that on March 5 and May 28, 2004 he was in the prison library conducting research when he

had to urinate. According to Plaintiff, law library call-outs are for two-hour blocks. Prisoners may use the bathroom prior to entering the library. However, once inside the library the pertinent SCF rule states that there are no restroom breaks. No exceptions are allowed. Although Plaintiff purportedly explained his medical condition to Defendants, neither allowed him to go to the bathroom. According to Plaintiff, he produced a medical form which, among other things, allowed Plaintiff to have a plastic urinal. Defendants allegedly denied him access to the toilet, and he was forced to urinate in his clothes rather than receive a misconduct ticket. Plaintiff further states that he was ridiculed by corrections officers and other prisoners as he returned to his cell with wet pants.

  *B.*   *Claims*

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment. He also claims that they denied him his substantive due process "right to urinate." Plaintiff seeks damages as well as injunctive relief in the form of rule changes that will allow all prisoners housed at SCF access to the restroom during law library call-outs.

  *C.*   *Standard of Review*

Defendants have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

In addition, under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner bears the burden of

showing exhaustion. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Plaintiff attached his grievance forms to his Complaint. There is no dispute that he has exhausted his administrative remedies.

### D. *Injunctive Relief*

First, it is clear that injunctive relief is not available based on Plaintiff's allegations. Plaintiff is now housed at the Gus Harrison Correctional Facility. Because he is no longer at the Saginaw Correctional Facility, his claim for injunctive relief in the form of a rule change at the Saginaw Facility is moot. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (prisoner complaint stated no ongoing constitutional violation by defendant prison officials because prisoner no longer incarcerated at institution where events forming basis of case took place).

### E. *Damages*

Therefore, damages are the only form of relief possible. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need, which he identifies as his need to urinate. (Docket no. 9). He alleges that they were aware of his condition, and still chose to refuse him access to the bathroom. Plaintiff says that their refusals were malicious.

Defendants argue that they are immune from civil damages under the doctrine of qualified immunity. However, even before considering this argument, the Court must consider whether damages as relief are possible under 42 U.S.C. § 1997e(e). *See* 28 U.S.C. § 1915(e)(2)(B). Under section 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has applied this provision to a claim of deliberate indifference to serious medical needs. *Jarriett v. Wilson*, 162 Fed. App'x 394 (6th Cir. 2005). By

the statute's own terms, it also applies to Plaintiff's claim of a violation of his substantive due process "right to urinate."

In *Jarriett*, the plaintiff alleged that he was held in a "strip cage" for twelve hours and during that time the defendant prison guards were deliberately indifferent to his medical needs. The prisoner's allegations of a swollen leg, cramps, and pain did not meet the section 1997e(e) standard, however, and relief in the form of damages was not allowed. Plaintiff in this case has also failed to allege any physical injuries. He claims that he was embarrassed and humiliated, but fails to allege any physical injuries, and none may be found consistent with the allegations in Plaintiff's Complaint. Therefore, damages are not available based on the allegations in Plaintiff's Complaint.

Damages are also not available because Defendants are immune under the doctrine of qualified immunity. Government officials performing discretionary functions are entitled to immunity from civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The two-step process courts employ to decide whether a governmental employee is shielded by qualified immunity examines first whether a constitutional right has been violated considering the plaintiff's allegations in a light most favorable to plaintiff. If so, the next step is to determine whether that right was clearly established. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005). Some courts use a third step which asks whether plaintiff offered sufficient evidence to show what the official did was objectively unreasonable in light of the clearly established constitutional right. *Champion v. Outlook Nashville, Inc.,* 380 F.3d 893, 901 (6th Cir. 2004). Qualified immunity is an affirmative defense that must be pleaded by the defendant official, although the burden is on Plaintiff to show that Defendant is not entitled to qualified immunity. *Harlow*, 457 U.S. at 815; *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

The Court has not found any cases which in 2004 would have put Defendants on notice that their denial of Plaintiff's request to use the bathroom would constitute deliberate indifference to his serious medical need. Defendants rely on *Simpson v. Overton*, 79 Fed. App'x 117 (6th Cir. Oct. 23, 2003). In that case, the plaintiff was a prisoner who urinated frequently due to his medications. The plaintiff alleged that during head count, which lasted for over an hour, prison regulations denied him access to a bathroom. This caused him great pain from the effort to retain his urine, and forced him to urinate on himself during count on several occasions. The defendant was the prison's medical director who acquiesced in these policies.

The *Simpson* court found that plaintiff could not state any facts which would show that the defendant was deliberately indifferent to his medical needs. The court found that plaintiff's complaint was not inadequate medical care but rather inhumane application of prison policy which failed to accommodate his medically-caused need for bathroom access or some reasonable alternative. The defendant had offered the plaintiff the use of a urinal, and the court reasoned that if the defendant had the authority to make an exception to the Warden's policy he had done so. If the defendant did not have that authority, then the plaintiff had sued the wrong person.

Plaintiff's allegation is the same as the plaintiff in *Simpson*. Plaintiff complains not of inadequate medical care but that the prison regulation does not allow bathroom breaks during library call-outs. A sufficiently serious medical need is one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. *Carter*, 408 F.3d at 311; *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). Under the reasoning of *Simpson*, Defendants could have reasonably believed that Plaintiff's need to use the restroom was not a medical need at all, much less

-5-

a sufficiently serious one.  The Court therefore finds that Defendants are entitled to qualified immunity on the Eighth Amendment claim.

Plaintiff also alleges that his substantive due process right to urinate was violated by Defendants.  He relies on *Glaspy v. Malicoat*, 134 F.Supp.2d 890 (W.D. Mich. 2001).  In *Glaspy*, the court found that a corrections officer violated a visitor's substantive due process rights by refusing to permit him to use the restroom while count was being conducted.  The court noted that no prison regulation was in place that prevented a visitor from using the restroom during count.  In contrast, Plaintiff was a prisoner, and the policy at SCF prohibited him from using the restroom during library call-out.  Because of these factual differences, the Court does not find that this case constitutes clearly established law for the right that Plaintiff is advancing.

Plaintiff also relies on *Knop v. Johnson*, 667 F. Supp. 467 (W.D. Mich. 1987) which was a general prison conditions case involving cells in some prisons which did not have toilet facilities.  The court found that the cells should have such facilities.  The question of whether a cell must have a toilet is substantially different from the question of whether Plaintiff should have been allowed to use the restroom during the two hours he was in the library.  Thus, this case also does not constitute clearly established law for the right that Plaintiff is advancing.  The Court finds no Supreme Court decision holding that a prisoner has a constitutional right to use a toilet in such circumstances.

In light of the state of the law in 2004, this Court finds that Defendants are entitled to qualified immunity because no clearly established law prohibited their actions.  This is therefore another basis for denying damages relief to Plaintiff.

Because Plaintiff has failed to state a claim upon which relief could be granted, his Complaint should be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 03, 2006     s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Frank Parter and Counsel of Record on this date.

Dated: October 03, 2006    <u>s/ Lisa C. Bartlett</u>
              Courtroom Deputy